IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

UNITED STATES OF AMERICA

v.

DAVID TAYLOR

CRIMINAL ACTION NO. 6:11-CR-00008-2

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

This matter comes before me on Defendant's *pro se* motion seeking to "correct an error in the record arising from oversight or omission" as provided in Rule 36 of the Federal Rules of Criminal Procedure. As stated herein, I will grant the motion.

I.

Defendant wrote a letter to me, which I construed as a *pro se* motion pursuant to Rule 36, which provides, in pertinent part, that a district "court may at any time correct . . . an error in the record arising from oversight or omission."[1] Defendant's letter states, in part, the following:

> Re: Inmate instructed by FCI Unit Team to remedy PSR report errors through court. . . .
>
> Your Honor,
>
> Thee PSR Report is the basis for all determinations made by the Federal Bureau of Prisons concerning an inmate. Custody scoring, program eligibility, and halfway house eligibility are all determined under policy which is strictly based on an inmates PSR Report.

---

[1] A district court is not constrained by a litigant's style of pleading or request for relief. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981).

In September 2011, I was sentenced under a mandatory minimum guideline of 120 months.

At the time of sentencing, my attorney disputed the PSR Report in reference to three issues in the report that were incorrect. His Honor agreed to waive the use of the PSR and ordered the probation officer to amend the report following the sentencing proceedings. (It was not necessary for the PSR to be amended before a sentence was imposed because of the mandatory minimum, and therefore the direct result of the false information in the PSR had no effect on the determination of my actual sentence.)

My PSR does, however, have a substantial effect on the circumstances of my incarceration, including the security level I am held at and my ability to rehabilitate and program to better myself. Due to the false information in the PSR, information which can easily be amended by reviewing the facts of the case, I am being limited in my ability to take certain programs and classes and transfer to a place where I would have access to more rehabilitation.

It was Your Honor's intention to have my PSR corrected, and as muchwas [*sic*] order on record during sentencing. I am begging the court to follow through on this matter and order that the false information in the PSR is corrected. The information which needs correction is as follows:

1. I was not on probation at the time I was charged (as the PSR incorrectly states).

2. There was no firearm involved in my case, nor any enhancement for such (as the PSR incorrectly states).

3. The drug quantity is grossly miscalculated in the PSR . . . .

## II.

Regarding Defendant's assertion that he "was not on probation at the time [he] was charged," the presentence report states that, "[a]t the time the instant offense was committed, the defendant was on probation. Pursuant to U.S.S.G. § 4A1.1(d), two points are added" to Defendant's criminal history computation. Defendant's counsel raised no objection to this determination, either in writing as required by Rule 32(f) or on the record at the sentencing

hearing.

Regarding Defendant's assertion that "[t]here was no firearm involved in [his] case, nor any enhancement for such," Defendant's counsel properly lodged an objection to the presentence report on this basis in writing, and she raised it again at the sentencing hearing. I determined that the firearm enhancement did not apply because it was "not proven by a preponderance of the evidence," adding that I "find that it's not proven." *See* Transcript of September 30, 2011, Sentencing Hearing ("Transcript"), page 8, lines 19-20 (appended to this memorandum opinion).

Regarding Defendant's assertion that "[t]he drug quantity is grossly miscalculated in the PSR," Defendant's counsel properly raised this objection to the presentence report in writing, as the parties had agreed and stipulated to a drug weight between 1.5 and 5 kilograms. I agreed with and adopted the parties' stipulation that the most accurate drug weight was between 1.5 and 5 kilograms. *See* Transcript page 2, lines 19-25.

After conferring on the record with the probation officer, and finding that these changes to the calculations in the presentence report resulted in an offense level of 31, I directed the probation officer to "check the report to see that all findings are proper for the Bureau of Prisons so they'll have it." *See* Transcript, page 8, lines 23-25.

### III.

Under Rule 32, when a district court rules on "any disputed portion of the presentence report or other controverted matter," Fed. R. Crim. P. 32(i)(3)(B), as it "*must*," *id*. (emphasis added), unless it "determine[s] that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing," *id.*, the court "*must* append a copy of the court's determinations under this rule to any copy of the presentence

-3-

report made available to the Bureau of Prisons," Fed. R. Crim. P. 32(i)(3)(C) (emphasis added).

Rule 32 gives a defendant the opportunity to challenge any alleged inaccurate statement in the presentence report before sentencing. *See* Fed. R. Crim. P. 32(f) (requiring defendant to object in writing within fourteen days of receiving the presentence report and allowing probation officer to meet with defendant about the objections, investigate further and, if appropriate, revise the presentence report). If the defendant challenges factual statements in the presentence report, the government is required to "support its [presentence report] statements by some reliable substantiation that is satisfactory to convince the sentencing court that the truth of the [presentence report] statement is not unlikely." *United States v. Restrepo*, 832 F.2d 146, 149 (11th Cir. 1987).

Under Rule 32(i)(3)(B), when a presentence report statement is under dispute, the sentencing court must either make a finding as to the controverted presentence report statement or "determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing." *United States v. Lopez*, 907 F.2d 1096, 1101 (11th Cir. 1990) (citing *United States v. Funt*, 896 F.2d 1288, 1299 (11th Cir. 1990)). For any finding that the district court makes under Rule 32(i)(3)(B), a written record of that finding must be appended to the presentence report, which is thereafter made available to the Bureau of Prisons. Fed. R. Crim. P. 32(i)(3)(C). The circuit courts of appeals that have addressed the issue require "literal compliance" with Rule 32. *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009). "Strict adherence to the dictates of [Rule 32(i)(3)(C)] is essential because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate [presentence report]." *Lopez*, 907 F.2d at 1101; *see also United States v. Spears*, 443 F.3d 1358, 1362 (11th Cir. 2006); *United States v. Kramer*, 943 F.2d 1543, 1553 (11th Cir.1991); *United*

-4-

States v. Forbes, 888 F.2d 752, 755 (11th Cir.1989); *United States v. McCants*, 434 F.3d 557, 561 (D.C. Cir. 2006).

Here, the disputed matters were pertinent to the accurate calculation of Defendant's guideline range, a ruling was mandatory, and I made the ruling. However, these rulings apparently were not appended to the presentence report that was made available to the Bureau of Prisons. Accordingly, in compliance with Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure, I will order that these rulings be appended to "any copy of the presentence report made available to the Bureau of Prisons." *See*, *e.g.*, *United States v. Saac*, 632 F.3d 1203, 1215-16 (11th Cir. 2011) (the failure to follow Rule 32(i)(3) is a "mere ministerial matter" which may be remedied without resentencing by attaching a copy of the sentencing hearing transcript to the presentence report; limited remand "for the district court to follow the procedures outlined in Fed. R. Crim. P. 32(i)(3)(C) for appending its rulings on contested sentencing issues to the" presentence report) (quotations and citation omitted); *United States v. Spears*, 443 F.3d at 1362 (same); *United States v. Zoval*, 2012 WL 4953174, at *3 (E.D. Cal. October 15, 2012) ("A copy of this order [addressing Defendant's objections to her presentence report] shall be appended to any copy of the [presentence report] made available to the Bureau of Prisons in accordance with Federal Rule of Criminal Procedure 32(i)(3)(c)."); *United States v. Jones*, 869 F. Supp. 2d 373, 378 (E.D. N.Y. June 25, 2012) ("[P]ursuant to Federal Rule of Criminal Procedure 32(i)(3)(C), the Probation Department is directed to append this memorandum to Praddy's revised [presentence report]. It is further directed to serve a copy of the revised [presentence report], with this memorandum appended, on BOP's Classification Unit and on its General Counsel."); *United States v. Powell*, 2008 WL 821565 (D. Utah March 27, 2008) ("Defendant now requests that the Court append to the presentence report a written declaration that the Court did not take

these disputed facts into consideration in determining her sentence as required by Rule 32(i)(3)(C). The Court will grant that request. As set forth at the sentencing hearing, the Court did not consider the disputed facts in paragraphs 4–13 of the presentence report when determining Defendant's sentence. The Court will append a copy of this Order to the presentence report. It is therefore ORDERED that Defendant's Motion to Amend Presentence Report . . . is GRANTED. It is further ORDERED that the United States Probation Office shall append a copy of this Order to any copy of the presentence report made available to the Bureau of Prisons."); *United States v. Panner*, 2007 WL 4554334, at *2 (December 20, 2007) (Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(C), the Clerk of Court is ordered to serve a copy of this Order on the Probation Office, which shall insure that this Order is appended to and accompanies any copy of the [presentence report] made available to the Bureau of Prisons. *See United States v. Turner*, 898 F.2d 705, 709 n. 2 (9th Cir. 1990)."); *Parks v. Ward*, 2006 WL 2434233, at *1 (W.D. Va. August 18, 2006) (observing that "Rule 32 requires the trial court to rule on disputed matters at sentencing or to 'determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing,' Fed. R. Crim. P. 32(i)(3)(B), and it 'must append a copy of the court's determinations under this rule to any copy of the pre-sentence report made available to the Bureau of Prisons.' Fed. R. Crim. P. 32(i)(3)(c)," and parenthetically remarking that the "failure of district court to append a written record of its findings is a ministerial matter that may be remedied without re-sentencing").

## IV.

For the stated reasons, I will grant Defendant's motion, and order that, pursuant to Rule

32(i)(3)(C) of the Federal Rules of Criminal Procedure, "any copy of the presentence report made available to the Bureau of Prisons" is to be appended to reflect that, at sentencing, I determined 1) that Defendant was responsible for a drug weight of 1.5 to 5 kilograms, and 2) that there was a lack of evidence to support a firearm enhancement.[2]

An appropriate order accompanies this memorandum opinion.

**ENTERED**: This  14th   day of November, 2014.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] I repeat that, regarding Defendant's assertion that he "was not on probation at the time [he] was charged," the presentence report states that, "[a]t the time the instant offense was committed, the defendant was on probation." Therefore, [p]ursuant to U.S.S.G. § 4A1.1(d), two points [were] added" to Defendant's criminal history computation. Defendant's counsel raised no objection to this determination, either in writing as required by Rule 32(f) or on the record at the sentencing hearing. Accordingly, this was not a "disputed portion of the presentence report or other controverted matter," Fed. R. Crim. P. 32(i)(3)(B), and there is no determination regarding this issue to append "to any copy of the presentence report made available to the Bureau of Prisons," Fed. R. Crim. P. 32(i)(3)(C).